PETROPLUS, JUDGE:
This is a claim for damages to real estate owned by Bertha G. Barton in Charleston, West Virginia, caused by an earthslide on December 30, 1969, adjacent to and under West Virginia Route 14, South Hills Area, Kanawha County. By an agreed Stipulation of Facts, the parties informed the Court that a drain and drainage line in the area was permitted by the Respondent, The West Virginia Department of Highways, to become clogged with refuse causing water to overflow over the roadway Route 14 and into a large crack in the road surface, thereby saturating the earth below the road and undermining the paved portion of the road and thereby precipitating a landslide down a hill towards and on to the property of the Claimant. Damage was considerable and was stipulated in the amount of $2,531.00, with a detailed estimate attached.
It appearing that employees of the Respondent had previously worked on the road and patched the road surface, they must have had knowledge of the drainage problem or in the exercise of ordinary care should have detected the hazard to which Claimant’s property was exposed. The blocked drain constituted actionable negligence and the slide which occurred was a reasonably foreseeable consequence of said negligence.
*2 On similar facts, this Court made an award to Dale E. Olive, in Claim No. D-290, on September 23, 1970, against the Respondent, the property involved being in the same area of the landslide.
The Court accordingly makes an award in the amount of $2,531.00 to the Claimant. •
The Respondent’s Motion to Dismiss on the ground that the Claimant may maintain a proceeding against the State by mandamus to compel the State to institute eminent domain proceedings has been considered. The Court is cognizant of the limitation on its jurisdiction under Chapter 14, Article 2, Section 14, Code of West Virginia, 1931, as amended, which states:
“The jurisdiction of the court shall not extend to any claim: 5. With respect to which a proceeding may be maintained against the State, by or on behalf of the claimant in the courts of the State”.
The above exclusion is not applicable where the Claimant has proceeded against the State on a theory of nonfeasance or neglect of duty which proximately results in damages to real estate. If damages were caused by a taking of the property or as a result of highway construction or improvement properly performed, or even by the affirmative act of the State, then and in that event, this Court could reasonably hold that the Claimant had an adequate legal remedy by invoking through a Writ of Mandamus the statutory duty of the State to institute eminent domain proceedings. That is our interpretation of the cases of State ex rel Teter v. State Road Commission, 152 W. Va. 805, and State ex rel Griggs v. Graney, 143 W. Va. 610, 103 S.E.2d 878. The Respondent’s Motion to Dismiss is overruled.
Claim allowed in the amount of $2,531.00.